```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| ADRIAN E. PARKER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NUTRISYSTEM, INC. | : | NO. 08-1508 |

### MEMORANDUM

Bartle, C.J.                                              September 26, 2008

      Before the court is the motion of plaintiff Adrian E. Parker to proceed as a collective action under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. § 216(b).

      Parker alleges in his complaint that he was employed as a NutriSystem sales associate (also known as a sales agent or a sales representative) from November, 2005 until February, 2008 when he was terminated.  He asserts that defendant NutriSystem, Inc. failed to pay overtime compensation to him and other sales associates working in its Horsham, Pennsylvania office in violation of the requirements of the FLSA.

      The FLSA articulates the circumstances under which plaintiffs may proceed as a collective action:

> An action to recover the liability prescribed ... may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).  Thus, the two requirements plaintiffs must establish for a FLSA collective action are that:  (1) all plaintiffs are "similarly situated"; and (2) all plaintiffs have consented in writing to participate in the lawsuit.  Id.; Smith v. Sovereign Bancorp, Inc., No. 03-2420, 2003 WL 22701017, at *1 (E.D. Pa. Nov. 13, 2003).  The FLSA does not define "similarly situated" nor has the United States Supreme Court or our Court of Appeals.  Bosley v. Chubb Corp., No. 04-4598, 2005 WL 1334565, at *2 (E.D. Pa. Jun. 3, 2005); Smith, 2003 WL 22701017, at *1-2.  We therefore look to the decisions of the United States District Court for the Eastern District of Pennsylvania.

Our court uses a two-step procedure to determine whether FLSA plaintiffs and the proposed group are "similarly situated" within the meaning of the statute.  Lugo v. Farmer's Price Inc., No. 07-00749, 2008 WL 638237, at *3 (E.D. Pa. Mar. 7, 2008).  During the first stage, the district court makes a preliminary inquiry into whether the plaintiff and the proposed group are similarly situated.  Id.  This inquiry occurs early in the litigation when minimal evidence is available to the court. Id.  If the court is satisfied that the plaintiff is similarly situated to the proposed group, it will grant conditional certification.

Stage two takes place after discovery and demands a more fact-specific analysis.  At stage two the court repeats the same inquiry, but the level of proof that the group is similarly situated is higher.  Id.  If the plaintiffs fail the test, the

court will decertify the group and dismiss the opt-in plaintiffs without prejudice.  Id.  In the present case discovery has not yet begun.  Our analysis therefore focuses on stage one.

Our court has recognized two different approaches regarding the level of proof required to pass stage one and achieve conditional certification.  Lugo, 2008 WL 638237, at *3.  Under the "mere allegation" approach, a court will automatically grant preliminary certification upon a mere allegation that "the putative class members were injured as a result of a single policy of the defendant employer."  Smith, 2003 WL 22701017, at *2 (collecting cases).  Under the "modest factual showing" approach, a court will apply a "more stringent—although nonetheless lenient—test that requires the plaintiff to make a 'modest factual showing' that the similarly situated requirement is satisfied."  Id.

In Smith, Judge Schiller adopted the modest factual showing test.  He explained that the automatic nature of the mere allegation approach is inefficient and at odds with the FLSA's opt-in requirement which is designed to limit the size of collective actions.  Id. at *2-3.  We find the reasoning in Smith persuasive and join the trend among our colleagues to adopt the modest factual showing test.  See, e.g. Lugo, 2008 WL 638237, at *3; Harris v. Healthcare Servs. Group, Inc., No. 06-2903, 2007 WL 2221411, at *3 (E.D. Pa. Jul. 31, 2007); Bosley, 2005 WL 1334565, at *3-4.  We emphasize, however, that the modest factual showing test, although not automatic, is nevertheless "an extremely

lenient standard."  Smith, 2003 WL 22701017, at *2.  At this early stage, we need not assess the merits of the plaintiffs' claims.  Lugo, 2008 WL 638237, at *3.  "Plaintiffs need only provide some 'modest' evidence, beyond pure speculation, that Defendant's alleged policy affected other employees."  Smith, 2003 WL 22701017, at *3.

Parker and the other opt-in plaintiffs have met this low burden.  Parker has submitted NutriSystem's 2007 Form 10-K with a single job description for all sales agents, a memorandum from the Executive Vice President explaining sales agents' wage structure and overtime payments, and the signed declarations of Parker and four opt-in plaintiffs describing their compensation plans.  Although NutriSystem uses the phrase "commission" rather than "piece rate" to describe its sales associates' compensation system, it agrees in its brief that all of its sales associates are compensated according to a common plan.  Parker has thus provided sufficient information at this stage to demonstrate that the proposed group of current and former NutriSystem sales associates are similarly situated.

Turning to the consent requirement, Parker advises us with supplementary documentation that at this point ten sales associates have filed opt-in consent forms.  Together with Parker they seek unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages on behalf of themselves and other similarly situated NutriSystem employees.  Plaintiffs estimate that there are 400 members in the

proposed group of current and former NutriSystem sales associates in the past three years.

Accordingly, we will grant Parker conditional collective action certification.

Parker has also asked this court to facilitate notice and approve his Notice of Collective Action Lawsuit. We will confer with the parties before approving the form of such notice.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ADRIAN E. PARKER                :       CIVIL ACTION
                                :
          v.                    :
                                :
NUTRISYSTEM, INC.               :       NO. 08-1508
```

ORDER

AND NOW, this 26th day of September, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of plaintiff Adrian E. Parker to proceed as a collective action under 29 U.S.C. § 216(b) is conditionally GRANTED.

                              BY THE COURT:


                              /s/ Harvey Bartle III
                                                  C.J.